IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

| | |
|---|---|
| JAMES REED, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| HOME DEPOT U.S.A., INC. | § |
| | § |
| Defendant. | §   **JURY DEMANDED** |

### DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Home Depot"), who files this its Notice of Removal on the basis of diversity jurisdiction, and would show the Court as follows:

1.	Home Depot U.S.A., Inc. is a defendant in a civil action pending in the District Court, County of Denver, State of Colorado, entitled *James Reed vs. Home Depot U.S.A., Inc. d/b/a Home Depot*; Case No. 13cv30715; (hereinafter referred to as the "State Court Action"). An Index of State Documents Filed with the Notice of Removal is attached hereto as Exhibit "A," and true and correct copies of all process, pleadings, and orders served upon Home Depot in the State Court Action are attached hereto as Exhibit "B," as required by 28 U.S.C. § 1446(a).

2.	The State Court Action was filed on February 15, 2013. Home Depot was served with process on February 25, 2013. Along with the Complaint, Plaintiff also filed on February 15, 2013 in the State Court Action a civil cover sheet as required by C.R.C.P. 8(a). A copy of that sheet is attached hereto as Exhibit "B-3." Such sheet contains a representation, via checked boxes on the prescribed form, that simplified procedure for this action in state court under C.R.C.P. 16.1 would

not apply as Plaintiff "is seeking a monetary judgment for more than $100,000…excluding interest and costs." (Exhibit "B-3," paragraph 2). However, it is well settled in this District that the C.R.C.P. Rule 16.1 box on Colorado's Civil Cover Sheet does not, all by itself, constitute evidence from which the $75,000 amount in controversy may be inferred. *See Baker v. Sears Holding Corp.,* 557 F.Supp.2d 1208, 1215 (D.Colo. 2007); *Holladay*, 606 F.Supp.2d at 1298; *Diversatex, Inc. v. Densher, Inc.,* 2009 WL 1600552 (D.Colo. 2009).

3. According to the allegations in the Complaint, Plaintiff rented a pick-up truck from Home Depot and when he stepped on the right side of the tailgate, it collapsed and he violently to the ground. The Complaint alleges that the accident occurred due to the negligence of Home Depot, in paragraph 21, alleges that when Plaintiff fell, he sustained horrific injuries that resulted from his left elbow hitting the pavement. The Complaint, in paragraph 21, alleges that as a result of the incident, Plaintiff suffered an open fracture of the olecarnon, the tip of the ulna bone, and the capitulum, the end of the humerus. Further, it alleges that "the capitulum bone was shattered into so many pieces that his surgeon, Dr. Andrew Parker, in the operative report, stated: 'the fragments were very comminuted and there was small fragments of bone missing, making the anatomic reduction essentially [impossible].'" loss of enjoyment of life and the need for two invasive procedures, and other unspecified injuries. The Complaint, in paragraph 22, alleges that Plaintiff had to undergo an elaborate surgery, extensive hospitalization, and rehabilitation, and that Plaintiff sustained permanent physical impairment, disfigurement, loss of enjoyment of life and substantial pain and suffering. Plaintiff's prayer for relief seeks judgment for damages in an unspecified amount for such damages and injuries, including costs, and expert witness fees.

4. Considering the description of Plaintiff's alleged injuries in the Complaint, along with Plaintiff's contentions that they have resulted in: (1) multiple bone fractures, some of which

shattered bone to the point where repair was impossible; (2) past medical expenses for an invasive and elaborate surgery, and extensive hospitalization; (2) permanent pain and suffering that is substantial; (3) permanent disfigurement; (4) permanent loss of enjoyment of life; and (4) permanent physical impairment, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Accordingly, this notice is timely filed within thirty (30) days of Home Depot's receipt of first notice that this Court has jurisdiction over the subject matter of this case as required by 28 U.S.C. § 1446(b).

5. Plaintiff James Reed is and was at the time of the filing of this action a citizen of the State of Colorado.

6. Home Depot is and was at the time of the filing of this action a corporation incorporated under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.  Consequently, Home Depot is a citizen of the States of Delaware and Georgia, and the district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship amongst and between the parties, in that Plaintiff and Home Depot are now and were at the time this action commenced, diverse in citizenship from each other.

7. Additionally, Home Depot expressly refers to and relies on the checking of the box in the C.P.R.C. 8(a) civil cover sheet form that was filed in the State Court Action wherein Plaintiff stated that he was seeking a judgment of more than $100,000.  As pointed out above, the checking of that box is not evidence sufficient to establish the requisite amount in controversy for federal diversity jurisdiction.  However, when considered with other evidence of the amount in controversy, the "Civil Cover Sheet constitutes another fact the Court will consider in determining the amount in controversy."  *See Valdez v. Byers,* 2009 WL 1440090, at *2 (D.Colo. 2009). Accordingly, Home Depot submits that Plaintiff's representation in the Civil Cover Sheet that more than $100,000 in

damages is sought, taken together with the allegations in the Complaint, shows by a preponderance of the evidence that Plaintiff is seeking more than $75,000.00 in damages.

8. The amount in controversy in the State Court Action is in excess of $75,000.00, exclusive of interests and costs. Accordingly, the State Court Action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332, as it is a civil action wholly between citizens of different states, and, the amount in controversy is in excess of the Court's jurisdictional minimum for diversity cases.

9. Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is the district and division embracing the place where the State Court Action is pending.

10. Pursuant to 28 U.S.C. § 1446(d), Home Depot will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the District Court, County of Denver, State of Colorado, where the action was previously pending. (*See* Notice of Filing Notice of Removal, attached as Exhibit "C").

11. **Jury Demand** – Home Depot hereby requests trial by jury on all issues and claims in this cause.

WHEREFORE, Home Depot U.S.A., Inc. hereby removes the case styled *James Reed v. Home Depot U.S.A., Inc. d/b/a Home Depot;* Case No.13CV30715, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action.

Respectfully submitted,

By: ___*/s/ Arthur K. Smith*___
    Arthur K. Smith
    Attorney-in-Charge
    Atty. Reg. # 41703

    LAW OFFICES OF ARTHUR K. SMITH,
    A Professional Corporation
    507 Prestige Circle
    Allen, Texas  75002
    Telephone:  (469) 519-2500
    Facsimile:   (469) 519-2555

ATTORNEY FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March, 2103, a true and correct copy of the foregoing **NOTICE OF REMOVAL with exhibits** has been filed with the Court using the Court's Electronic Case Filing System, and also served a true and correct copy of the foregoing via certified mail, return receipt requested, to the following:

    John Astuno, Jr.
    1290 Broadway, Suite 600
    Denver, CO  80203
    *Counsel for Plaintiff*

    ___*/s/ Arthur K .Smith*___
    Arthur K. Smith

Reed\Notice of Removal